UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY HARPSTER, | ) | CASE NO.  1:13 CV 1932 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| STATE OF OHIO, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Larry Harpster filed the above-captioned *in forma pauperis* civil complaint against the State of Ohio.  Mr. Harpster seeks an Order from this Court to relocate a fence and permit the prosecution of "Joe White."  For the reasons set forth below, the Complaint is dismissed.

*Background*

The substance of the Complaint is not clear.  The Court can discern that this is the second complaint Mr. Harpster has filed in this Court in 2013.  The first case, *Harpster v. Gregory Industries, Inc. et al*, No.1:13cv0161 (N.D. Ohio filed Jan. 23, 2013)(Boyko, J.), was dismissed as frivolous on May 13, 2013.  He now seeks "justice by seeing that the fenace [sic] that was showed in *Harpster v.  State of Ohio* is moved so that I can go the barn without tearing my yard up as is

shown in the same case." (Doc. No. 1 at 2.)  He claims he has litigated this matter through the State courts without success.[1]  To that end, he now asks whether this Court can "make the State Court of Appeals . . .except [sic] my writ of habeas corpus in forma pauperis" and "issue a court order to make Paul O'Reilly . . . press charges against Joe White for grand theft auto and land fourd [sic]." (Doc. No. 1 at 3- 4.)

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

## Failure to State a Claim

Principles requiring generous construction of pro se pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Id*. at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most

---

[1]Although Mr. Harpster has listed his personal address in Polk, Ohio, which is located in Ashland County, there is no record of any closed or pending civil action he has filed in the Ashland County Courts.

2

successful strategies for a party." *Id*. at 1278.  Dismissal is appropriate "when the facts alleged rise

to the level of the irrational or wholly incredible ...".  *Denton v. Hernandez*, 504 U.S. 25 (1992).

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Mr.

Harpster might have a valid federal claim against the State of Ohio.

*Conclusion*

Based on the foregoing, Mr. Harpster's Motion to Proceed *in forma pauperis* (Doc. No. 3)

is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies

pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good

faith.[2]

IT IS SO ORDERED.

       */s/Donald C. Nugent*

DONALD C.  NUGENT

UNITED STATES DISTRICT JUDGE

DATED: October 28, 2013

---

[2]28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."